BRIAN MILLSAP V. SHOW TRUCKS USA, INC.






NO. 07-07-0500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 14, 2008
______________________________

MILES B. HORTON,
 
Appellant

v.

THE STATE OF TEXAS, 
 
Appellee

                                    _________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2007-443,823; HON. DRUE FARMER, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Miles B. Horton (appellant) appeals from his conviction for driving while intoxicated. 
He filed his notice of appeal on December 19, 2007. The clerk’s record was filed on
February 19, 2008, and the reporter’s record on February 1, 2008. However, the appeal
was abated to the trial court on February 28, 2008, because appellant had not signed the
trial court certification. The amended certification and supplemental record were filed on
March 14, 2008. On March 17, 2008, counsel for appellant filed a motion for extension of
time to file a brief, which was granted to April 21, 2008. No brief or extension was filed with
the Court. On April 28, 2008, a letter was sent to appellant’s attorney notifying him the
brief was overdue and that the brief or response was due on May 8, 2008. To date, no
brief or extension motion has been filed in this Court.
           Consequently, we abate the appeal and remand the cause to the County Court at
Law No. 2 (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:
          1.       whether appellant is indigent; 
 
          2.       whether appellant desires to prosecute the appeal; and
 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel’s failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record containing the findings of fact and conclusions
of law and 2) a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before June 13, 2008. Should additional
time be needed to perform these tasks, the trial court may request same on or before June
13, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish.